L. LEHMAN & COMPANY, APPELLANT, v. TRENTON LODGE, No. 164, LOYAL ORDER OF MOOSE, RESPONDENT.

Argued November 26, 1918—Decided November 26, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff delivered foodstuffs to one Hill at the Moose Home. They were ordered by Hill, but the plaintiff in this suit claims that he acted as the agent of the defendant, and that the latter is liable for the price of the goods.

"The trial judge, sitting without a jury, found for the defendant, and we think such judgment cannot be disturbed.

"The question is, Had Hill the authority to pledge the credit of the defendant lodge?

"It is admitted that if such power is not conferred by the written agreement between Hill and the defendant, it did not exist.

"We think the agreement conferred no authority to pledge the credit of the defendant for foodstuffs.

"It is admitted that it did not expressly, and we think that such power is not implied from its terms.

"It is to be noted that the instrument is to be construed just as though the question were between the defendant and Hill, for the question here is not as to what the plaintiff, knowing the contract and acting upon it, had a right to assume that it meant, but simply and strictly, what the contract, of which the plaintiff was entirely ignorant, does pro-

vide. We think its provisions, taken all together, indicate clearly that the running of the restaurant as a business venture was to be the undertaking of Hill, not defendant. Defendant was to 'give him the rent in the restaurant free,' and he was to pay defendant twenty-five per cent. of the net receipts—obviously *his receipts*. In other words, defendant rented to Hill the restaurant premises for a rental of twenty-five per cent. of Hill's net receipts.

"If the restaurant as a business was being run by the defendant, with Hill as agent, instead of by Hill as a tenant, the provision would not have been that Hill pay to defendant twenty-five per cent. of the receipts, but instead would have been that Hill should be allowed to retain seventy-five per cent. of the net receipts, or that defendant should pay to Hill seventy-five per cent. of the net receipts.

"Defendant was to furnish him dishes and utensils, but he was to furnish a 'free lunch' to defendant.

"The help was to be furnished and 'paid for by the said George Hill,' and Hill was to pay for breakage and loss of the dishes and utensils loaned him, and also to pay 'for the gas he used for cooking purposes.'

"Also the provision as to notice of 'quitting premises' clearly indicates a tenancy.

"The whole instrument, therefore, indicates clearly that the business was Hill's, and not defendant's. The consequence is, that although the agreement is silent as to the purchase of food, yet inasmuch as a supply of food is a necessary factor in the running of a restaurant, the parties must have contemplated it, and from the agreement as a whole must be held to have impliedly agreed that Hill should furnish and pay for the food, just as he was to furnish and pay for help, and pay for the gas and loss of dishes and rent for the premises. Since the whole contract negatives any implied agreement that the defendant should furnish and pay for the food, the trial judge properly refused to find a verdict for the plaintiff.

"We incline to think that there was no error in the admission of evidence. If there was, clearly in the view we take

of the case, there was none that injuriously affected the substantial rights of the plaintiff.

"The judgment below will be affirmed, with costs."

For the appellant, *Martin P. Devlin.*

For the respondent, *Malcolm G. Buchanan.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   12.

*For reversal*—None.